```
                UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF CALIFORNIA
                          CIVIL MINUTES
```

**Case Title:** Larry Perkins          **Case No.:** 15-25308 - A - 13
                                       **Docket Control No.** MRG-1
                                       **Date:** 11/13/2018
                                       **Time:** 1:30 PM

**Matter:**  [48] - Motion for Relief from Automatic Stay [MRG-1] Filed by Creditor Aspen Properties Group, LLC (Fee Paid $181) (eFilingID: 6374961) (ltas)

**Judge:** Michael S. McManus
**Courtroom Deputy:** Sarah Head
**Reporter:** Not Recorded
**Department:** A

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

                          **CIVIL MINUTES**

**Final Ruling:**   This motion for relief from the automatic stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1).  The failure of the debtor and the trustee to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(ii) is considered as consent to the granting of the motion.  Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary.  See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006).  Therefore, the defaults of the above-mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted pursuant to 11 U.S.C. § 362(d)(1) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject real property following sale.  The movant is secured by a deed of trust encumbering the debtor's real property.  The debtor has confirmed a plan that does not provide for the payment of the movant's claim.  Further, the debtor has not paid the claim under the terms of the contract with the movant since this case was filed.  Because the debtor has not paid the movant's claim, and will not pay it in connection with the chapter 13 case, there is

cause to terminate the automatic stay.

Because the movant has not established that the value of its collateral exceeds the amount of its claim, the court awards no fees and costs.  11 U.S.C. § 506(b).

The 14-day stay of Fed. R. Bankr. P. 4001(a)(3) will be waived.

**ORDER TO BE PREPARED BY: Movant(s)**